THE VAN DE VELD LAW OFFICES, P.C.
Historic House, Second Floor
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Office:     (671) 472-4396
Cellular:   (671) 488-0888
Facsimile: (671) 472-2561

**FILED**
DISTRICT COURT OF GUAM

MAR 18 2009

JEANNE G. QUINATA
Clerk of Court

**Attorney for Plaintiffs:**
        **Cyfred, Ltd., Class,**
        **Deceptive Acts Subclass**
        **Denied Claims Subclass**

## IN THE DISTRICT COURT OF GUAM

## DISTRICT OF GUAM

| | |
|---|---|
| CYFRED, LTD., for itself and on behalf of all other similarly situated,<br><br>                              Plaintiffs,<br><br><br><br>vs.<br><br><br><br>TICOR TITLE INSURANCE COMPANY and DOES One (1) through Three hundred (300), inclusive.<br><br>                              Defendants. | **09-00004**<br>District Court Of Guam<br>Civil Case No. _____.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND FOR EXEMPLARY DAMAGES.**<br>**[Fraud; Deceit; Conspiracy to Defraud; Involuntary Trust from Fraud; Unjust Enrichment; Negligence; Negligent Misrepresentation; Deceptive Trade Practices; Conspiracy to Commit Deceptive Trade Practices; Antitrust; Racketeering; Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing]**<br><br>**[JURY TRIAL DEMANDED]** |

        Plaintiff for itself individually and on behalf of all other similarly situated Guam

consumers who purchased title insurance policies, or who expected and are entitled to

coverage under title insurance policies, purchased from TICOR Title Insurance Company

(hereinafter "TICOR") by and through its general agent in Guam who is Title Guaranty of

Guam, Inc. (hereinafter "TGOG"), which class is more particularly described below, who

CYFRED, LTD et al. Plaintiffs v. TICOR TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION 1:09-cv-00004   Document 1   Filed 03/18/09   Page 1 of 21
District Court Civil Case No._____                                                                                                    Page 1

*ORIGINAL*

bring this action by and through their counsel, Curtis Van de veld, Esq., of **THE VANDEVELD LAW OFFICES, P.C.,** and as claims for relief against defendants allege:

## I. PARTIES

1. Cyfred, Ltd. (hereinafter "Cyfred") is a Guam corporation doing business in Guam.

2. Plaintiff and the Class are informed and believe and thereon allege that TICOR is incorporated outside of Guam, and is an insurance company who has been doing business in Guam since February 9th 1966.

3. Plaintiff and the Class are ignorant of the true names and capacities of the defendants sued herein as DOES one (1) through three hundred (300), inclusive and therefore sues these defendants by such fictitious names. Plaintiff and the Class will amend this complaint to allege their true names and capacities when ascertained. Plaintiff and the Class are informed and believe and thereon allege that each of the fictitiously named defendants are responsible as hereinafter shown for the occurrences and injuries alleged in this class action complaint.

## II. JURISDICTION

4. This Court has jurisdiction over the matters alleged herein pursuant to 48 U.S.C. § 1424.

5. This Court has further jurisdiction over matters alleged herein pursuant to 28 U.S.C. § 1332.

6. The majority of defendants are not citizens of Guam and amount in controversy exceeds five million dollars ($5,000,000.00).

7. The Court has Jurisdiction over the Tenth Cause of Action by the provisions of 9 G.C.A. § 69.32.

CYFRED, LTD et al. Plaintiffs v. TICOR TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT  Case 1:09-cv-00004  Document 1  Filed 03/18/09  Page 2 of 21
District Court Civil Case No._____.                                                    Page 2

8. Venue is proper in this Court since all the transactions referred to herein occurred in Guam.

### III. GENERAL AVERMENTS

9. At all times herein relevant all TICOR appointed and used TGOG as its general agent for the purpose of engaging in the business of selling title insurance in Guam.

10. TICOR from the time it has each been authorized to sell insurance in Guam has failed to obtain approval from the Guam Banking and Insurance Commissioner or its predecessor (hereinafter "Commissioner") for some or all the title insurance policy forms, endorsements or exclusions for title insurance policies TICOR sold in Guam to Guam consumers including Cyfred and members of the Class.

11. Guam law requires approval of the Commissioner of all insurance policy forms for all insurance sold in Guam to wit:

> It shall be unlawful for an insurer to use a policy form in affecting insurance without first obtaining the Commissioner's approval thereof as provided herein:
> (a)      The Commissioner shall study each form for the purpose of guarding against any fraud, misrepresentation or other forms of unfairness to (sic) the writings of the insured; if he shall approve a form, he shall endorse his approval on the face of both duplicates and transmit one to the insured (sic) and keep one in his permanent files; if he shall disapprove a form, he shall issue an order of disapproval stating therein his reasons and transmit a copy of the same to the insurer. 22 G.C.A.§ 18308(a).

12. TICOR has failed to obtain approval from the Commissioner for some or all of the insurance rates, rate schedules, rate plans and methods of computing rates for title insurance policies TICOR sold in Guam since it was authorized to sell insurance in Guam including title policies sold to Plaintiff and members of the Class.

CYFRED, LTD et al. Plaintiffs v. TICOR TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT   Case 1:09-cv-00004   Document 1   Filed 03/18/09   Page 3 of 21
District Court Civil Case No._____.

Page 3

13. Guam law requires prior approval of the Commissioner of all rates, rates schedules, rate plans and methods of computing rates for any insurance transacted in Guam:

> (a)    All rates, rate schedules, rate plans, and methods of computing rates to be applied to any insurance transacted in the Territory of Guam shall be filed in the office of the Commissioner, and before any rates may be charged, advertised, publicized or otherwise represented, they shall have the approval of the Commissioner.
>
> (b)    It shall be unlawful for any insurer to use any rates in violation of the provisions of this section, or to alter, amend or otherwise charge rates without the approval of the Commissioner.
>
> (c)    It shall be unlawful for any insurer to charge any rate for any insurance transacted in Guam other than the rate approved by the Commissioner for such insurer for such risk and class of insurance.
>
> 22 G.C.A. §18501.

14. As a result of TICOR's violations of Guam law, TICOR has been able to make unfair and unconscionable profits from the sale of TICOR's title insurance polices to Guam consumers all as prohibited by 22 G.C.A. § 18502.

15. TICOR knew that Guam consumers were and are required to purchase title insurance for legal and/or commercial necessity and as a result they knew that if it colluded with other title insurance companies through ratings bureaus, and other means, that TICOR could set artificially high rates, as they have, while simultaneously reducing the risks they insure through careful and crafty drafting of policy forms, as they have, and TICOR knew they would, as a result, make extraordinary and unfair profits, as they have, and all prohibited by the laws of Guam.

## IV. SPECIFIC AVERMENTS Re: CYFRED TITLE POLICIES

16. On January 4th 2000 Cyfred purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 24, Block No. 1,

Track 63004, Yigo, Guam, with Policy No. G-16864 54 0501 107 06464, and paid TICOR a premium for said title insurance policy.

17. On April 1st 2003 Cyfred purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 5, Block No. 2, Track 63004, Yigo, Guam, with Policy No. 7410780-06092 G-21073-A, and paid TICOR a premium for said title insurance policy.

18. On April 7th 2000 Cyfred purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 6, Block No. 2, Track 63004, Yigo, Guam, with Policy No. G-17340 54 0501 107 06846, and paid TICOR a premium for said title insurance policy.

19. On January 23rd 2004 Cyfred purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 7, Block No. 2, Track 63004, Yigo, Guam, with Policy No. 7410780-06354 G-21940, and paid TICOR a premium for said title insurance policy.

20. On February 27th 2003 Cyfred purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 4, Block No. 3, Track 63004, Yigo, Guam, with Policy No. 7410780-05907 G-20942, and paid TICOR a premium for said title insurance policy.

21. On May 12th 2000 Cyfred purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 8, Block No. 3, Track 63004, Yigo, Guam, with Policy No. G-18551 7410780-04826, and paid TICOR a premium for said title insurance policy.

22. On May 19th 2003 Cyfred purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 5, Block No. 5, Track 63004, Yigo, Guam, with Policy No. 7410780-05927 G-21016, and paid TICOR a premium for said title insurance policy.

23. On March 10th 2000 Cyfred purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 20, Block No. 1, Track 63004, Yigo, Guam, with Policy No. G-17183 54-0501 107 06656, and paid TICOR a premium for said title insurance policy.

24. On March 8th 2000 Cyfred purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 17, Block No. 1, Track 63004, Yigo, Guam, with Policy No. G-17162 54-0501 107 06611, and paid TICOR a premium for said title insurance policy.

25. On January 28th 2003 Cyfred purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No.1, Block No. 5, Track 63004, Yigo, Guam, with Policy No. 7410780-05791 G-20854, and paid TICOR a premium for said title insurance policy.

26. On June 19th 2002 Cyfred purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No.10, Block No. 1, Track 63004, Yigo, Guam, with Policy No. 7410780-05609 G-20439, and paid TICOR a premium for said title insurance policy. (The above title insurance policies from paragraphs 16 through 26, inclusive, shall hereinafter be referred to as "Cyfred Policies").

CYFRED, LTD et al. Plaintiffs v. TICOR TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT     Case 1:09-cv-00004     Document 1     Filed 03/18/09     Page 6 of 21
District Court Civil Case No._____.                                                    Page 6

27. TICOR sold Cyfred the Cyfred Policies through its general agent in Guam TGOG and Cyfred paid TGOG the premiums for the Cyfred Policies.

28. TICOR did not obtain approval from the Commissioner for the insurance forms, or any part of them, constituting the Cyfred Policies before selling Cyfred the Cyfred Policies.

29. TICOR did not obtain approval from the Commissioner for the insurance premiums charged to Cyfred and collected by TICOR through its general agent TGOG.

30. TICOR did not obtain approval from the Commissioner for any of the rate schedules, rate plans and methods of computing rates it used for the Cyfred Policies.

31. Despite TICOR's failure and refusal to comply with the Insurance Law, TICOR filed yearly affidavits of compliance (hereinafter "TICOR's Affidavits of Compliance") with the Commissioner stating that TICOR was in compliance with the Insurance Law of Guam.

32. TICOR filed the TICOR's Affidavits of Compliance on a yearly basis, signed by two (2) of its officers, even though it knew it, and its officers knew, that TICOR was not incompliance with the Insurance Law, and in order to falsely and fraudulently obtain renewals of its license to sell title insurance in Guam, and to conceal its wrongdoing and its violations of the Insurance Law and other laws of Guam and the United States.

33. When TICOR issued the Cyfred Policies, on the date and time the policies were issued, neither TICOR nor its general agent TGOG informed Cyfred that the forms for the policies issued to Cyfred, or the premiums charged to Cyfred, had not been approved by the Commissioner and were therefore illegal under Guam law and instead

CYFRED, LTD et al. Plaintiffs v. TICOR TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT  Document 1  Filed 03/18/09  Page 7 of 21
District Court Civil Case No._____.

Page 7

led Cyfred to believe that the policies and forms of the Cyfred Policies had been approved by the Commissioner.

34. TICOR never intended to provide Cyfred with mortgage title insurance as it led Cyfred to believe it would under the terms of the Cyfred Policies and knew that the Cyfred Policies provided Cyfred with an illusion of insurance coverage and the Cyfred Policy was therefore unfair under Guam law and illegal.

35. On September 27th 2002 an action was brought against Cyfred in *Kini Sananap et al. v. Cyfred, Ltd. et al.*, Superior Court of Guam, Civil Case Number CV1448-02 (hereinafter "Sananap Action").

36. In response to the Sananap Action Cyfred filed a counterclaim to foreclose its mortgages against all the Plaintiffs in the Sananap Action who were in default of the terms of the promissory notes and mortgages they had issued to Cyfred to secure payment of amounts they owed to Cyfred (hereinafter "Defaulted Plaintiffs").

37. The Defaulted Plaintiffs filed affirmative defenses to Cyfred's counterclaim to foreclose their defaulted notes and mortgages and asserted in part that Cyfred had conveyed to them defective title when selling them their respective properties and have since then continued to make this assertion in pleadings throughout the Sananap Action.

38. Some of Defaulted Plaintiffs, as stated in the Cyfred Policies, are mortgagors with Cyfred as Mortgagee for property constituting security under mortgages held by Cyfred or its successors and whose title to the underlying security for the mortgages are insured by TICOR under the terms of the Cyfred Policies.

CYFRED, LTD et al. Plaintiffs v. TICOR TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT Case 1:09-cv-00004 Document 1 Filed 03/18/09 Page 8 of 21
District Court Civil Case No._____.
Page 8

39. The answer to the counterclaim in the Sananap Action implicates the title of the property insured by the Cyfred Policies and therefore Cyfred is entitled to a defense and to indemnity from TICOR in the Sananap Action.

40. To legitimately exercise its rights under the Cyfred Policies on October 4th 2006, and numerous times thereafter, Cyfred tendered the defense and requested indemnity from TICOR of the Sananap Action.

41. TICOR delayed any response to Cyfred's October 4th 2006 tender of defense even though it knew that Cyfred was incurring expenses in defending the Sananap Action which were TICOR's duty to undertake causing Cyfred to litigate the Sananap Action in a manner that has unnecessarily exposed Cyfred to the possible liability and reduced Cyfred's ability to contest the judgment entered against it in the Sananap Action.

42. After numerous unanswered communications from Cyfred to TICOR between October 2006 and May 2007, in a phone conversation initiated by Francis Gill of Cyfred to TICOR's counsel Ray Nagel on May 2nd 2007, TICOR agreed to undertake Cyfred's defense.

43. Thereafter, TICOR led Cyfred to believe that TICOR would undertake Cyfred's defense and paid the deposit amount of twenty thousand dollars ($20,000.00) to Cyfred's counsel in order to prosecute Cyfred's defense.

44. On July 19th 2007, without obtaining all the pleadings in the Sananap Action and without conducting a thorough investigation of the facts, TICOR retained The Boss Law Firm to withdraw TICOR's agreement to defend and indemnify Cyfred.

45. On July 19th 2007 TICOR withdrew its defense of Cyfred even though TICOR knew that Cyfred was led to rely on TICOR's consent to undertake Cyfred's defense and

CYFRED, LTD et al. Plaintiffs v. TICOR TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT    Case 2:09-cv-00004   Document 1   Filed 03/18/09   Page 9 of 21
District Court Civil Case No._____.                                          Page 9

TICOR knew that Cyfred was in mid-trial of the Sananap Action and TICOR knew that its actions would have sever adverse consequences on Cyfred and on its ability to defend itself and foreclose the mortgages insured by TICOR.

46. In TICOR's July 19th 2007 letter, TICOR's counsel invoked an arbitration clause contained in the Cyfred Policies that is illegal and unenforceable under the laws of Guam, and referred Cyfred to the California Department of Insurance, Consumer Communications Bureau even though TICOR knew that the Cyfred Policies were purchased by Cyfred in Guam from TICOR's general agent TGOG and paid for the Cyfred Policies in Guam for property securing the insured mortgages located in Guam and knowing that the California Department of Insurance, Consumer Communications Bureau has no jurisdiction over the matters at issue between Cyfred and TICOR. TICOR undertook these actions all in an effort to deter and dissuade Cyfred from pressing its rightful claim to a defense and to indemnity for the Sananap Action.

47. TICOR has summarily rejected all subsequent requests for a defense and indemnity from Cyfred after Cyfred's October 2006 tender.

## V. STATUTE OF LIMITATIONS

48. Any applicable statute of limitations has been tolled by the defendants knowing and active concealment, denial and/or misleading actions with respect to TICOR's failure and refusal to obtain approval of its policy forms and rates, rate schedules, rate plans and methods of computing rates as alleged herein.

49. Plaintiff and the Class have been kept ignorant by defendants of the vital information necessary to the pursuit of the claims alleged herein, without any fault or lack of diligence on their part and could not have reasonably discovered the fact that TICOR

CYFRED, LTD et al. Plaintiffs v. TICOR TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT. Case 1:09-cv-00004 Document 1 Filed 03/18/09 Page 10 of 21
District Court Civil Case No._____.
Page 10

had not obtained approvals required by 22 G.C.A. § 18501 22 G.C.A. § 18308 for the Cyfred Policies and title insurance policies purchased by members of the proposed Class from TICOR through its general agent TGOG.

50. TGOG owed a fiduciary duty to Cyfred and the Class to disclose the true facts surrounding its failure to obtain approval of its policy forms and the premiums, rates, rate schedules and method of computing rates for the title insurance policies TICOR sold to them or under which they were entitled to or expected coverage. Yet TICOR knowingly, affirmatively, and/or actively concealed the true facts of its non-compliance with 22 G.C.A. § 18308 and 22 G.C.A. §18501 and which concealment is active and ongoing as evidenced by TICOR's Affidavits of Compliance and the yearly filing of said affidavits by TICOR. Furthermore Plaintiffs reasonably relied upon TICOR's knowing affirmative, and/or active concealment. Based on the foregoing defendants are estopped from relying on any statutes of limitation defense to limit Plaintiff and the Class from recovering their full damages for all the injuries that defendants have caused them.

51. The causes of action alleged herein did or will accrue only upon discovery of the full nature and extent of TICOR's failure and refusal to comply with 22 G.C.A. § 18308 and 22 G.C.A. §18501 and other provisions of Guam's Insurance Law and the full nature and extent of their fraudulent concealment of said violations.

52. Because TICOR took steps to fraudulently conceal its violations of Guam's Insurance Law, Plaintiff and members of the Class did not discover and could not have discovered the true nature of the title insurance policies they had purchased from TICOR through its general agent TGOG.

# VI. CLASS ALLEGATIONS

## CLASS DEFINITION

53. Cyfred seeks to bring this case as a class action on behalf of itself and all other persons or entities who, from 1994, were issued a title insurance policy or who expected or were entitled to coverage under a title insurance policy issued in Guam by TICOR through TICOR's general agent in Guam, TGOG, and which title insurance policies and the premiums charged for them had not been approved by the Commissioner as required by either 22 G.C.A. § 18308 or 22 G.C.A. § 18501 (hereinafter "Class").

54. The above Class contains two subclasses: a. All member of the Class who made claims for insurance coverage to TICOR and which claims were denied (hereinafter "Denied Claims Subclass"); and b. All members of the Class who are defined as consumers under the provisions of the Deceptive Trade Practices-Consumer Protection Act (hereinafter "Deceptive Acts Subclass").

## CLASS EXCLUSIONS

55. Excluded from the class are: a. Each of the Defendants, their subsidiaries, parent companies and affiliates, officers, directors and employees; b. Persons or other entities who have settled with and validly released one or more of the defendants in a separate non-class legal proceeding which release was based on the conduct alleged herein.; and c. Francis Gill.

## NUMEROSITY

56. The Class is so numerous that joinder of all members is impractical. Plaintiff is informed and believes that several hundred persons fall within the definition of the proposed Class as alleged herein above.

CYFRED, LTD et al. Plaintiffs  v. TICOR TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court Civil Case No.____    Document 1    Filed 03/18/09    Page 12 of 21

Page 12

# COMMON QUESTIONS OF LAW AND FACT

57. There are questions of law and fact common to the Class including but not limited to:

a. Whether TICOR failed to disclose and fraudulently concealed the fact that the insurance polices sold to the Class had not been approved by the Commissioner under 22 G.C.A. § 18308.

b. Whether TICOR failed to disclose and fraudulently concealed the fact that the premiums charged the Class for insurance polices sold to the Class had not been approved by the Commissioner under 22 G.C.A. § 18501.

c. Whether the insurance policies sold by TICOR by and through its general agents provided reduced or illusory insurance coverage or contained illegal provisions because they were not in compliance with 22 G.C.A. § 18308.

d. Whether the premiums charged to the Class for insurance policies sold to them by TICOR were unfair given the risk insured and because these premiums or rates charged had not been approved by the Commissioner as required by 22 G.C.A. § 18501 & § 18502.

e. Whether Defendants actions violated the provision of the Deceptive Trade Practices-Consumer protection Act at 5 G.C.A. Chapter 32 et seq.

f. Whether Defendants actions violated the provisions of the Racketeering Influenced Corrupt Organization Act 18 U.S.C.A. § 1961-1968.

g. Whether defendants action of colluding to establish the terms of the policies sold to limit the risk insured and to agree on the amount of premiums or rates to charge by and through ratings bureaus and other entities and without obtaining approval of the

CYFRED, LTD et al. Plaintiffs v. TICOR TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court Civil Case No.

Case 1:09-cv-00004   Document 1   Filed 03/18/09   Page 13 of 21

Page 13

policy forms or rates from the Commissioner violated Guam's Antitrust statute at 9 G.C.A. Chapter 69.

h. Whether Defendants were unjustly enriched from the fraud perpetrated against the Class by selling them unapproved policies and charging unapproved premiums for these policies.

i. Whether Defendants should repay the Class for any amounts they unjustly collected from the Class by selling each of them rigged policies that minimized the insurance offered and maximized the rates charged.

j. Whether the Class should be compensated for the actual and consequential damages caused to them by defendants' conspiracy and actions in violation of the Insurance Law and other laws of Guam and the United States.

## TYPICALITY

58. Plaintiffs' claims are typical of the claims of the Class sharing the same legal theories and facts establishing liability of the Defendants.

## ADEQUACY OF REPRESENTATION

59. Plaintiff can and will adequately protect the interests of the Class because Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the Class it seeks to represent. Plaintiff has no interests that conflict with or is antagonistic to the interests of the entire Class. Plaintiff has retained an attorney competent and experienced in class actions who will vigorously prosecute this litigation.

## PREDOMINANCE AND SUPERIORITY

60. A class action is superior to any other available method for the fair and efficient adjudication of the controversy because:

CYFRED, LTD et al. Plaintiffs v. TICOR TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court Civil Case No._____.
Case 1:09-cv-00004   Document 1   Filed 03/18/09   Page 14 of 21
Page 14

a. Common questions of law and fact predominate over any individual questions that may arise.

b. No member of the Class has a substantial interest in individually controlling the prosecution of a separate action.

c. Upon information and belief, there are no pending lawsuits concerning this controversy.

d. It is desirable to concentrate the litigation in one forum in Guam since the acts complained of all occurred in Guam with witnesses and discovery readily available in Guam in the pretrial stage of the litigation. The resolution of the claims of the Class members in a single forum, and in a single proceeding, would be a fair and efficient means of resolving the issues raised in the litigation.

e. Prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct on defendants.

f. The Class is specifically identifiable to facilitate provision of adequate notice and there will be no significant problems managing this case as a class action.

g. Resolution of class members claims in this single class action is superior to resolution of this controversy through the filing of a host of individual actions as a matter of efficiency, consistency and in that it removes economic and other barriers to class members pursuing their claim

## VII. AVERMENTS AS TO CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FRAUD
### [18 G.C.A. §§ 85307, 85308 & 85309]
### Asserted by the Class

CYFRED, LTD et al. Plaintiffs v. TICOR TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court Civil Case No._____     Case 1:09-cv-00004   Document 1   Filed 03/18/09   Page 15 of 21          Page 15

## FRAUDULENT CONCEALMENT/NON-DISCLOSURE

61. Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

62. At all times herein relevant TICOR knew that the Cyfred Policies and the insurance policies they sold to the Class, or under which members of the Class expected and were entitled to coverage, were not in compliance with the requirements of 22 G.C.A. § 18308 and 22 G.C.A. § 18501 and the Insurance Law of Guam and the United States.

63. TICOR and the other defendants actively and intentionally concealed from and/or failed to disclose to Plaintiff and the Class that the insurance policies they purchased, at the time and on the date when they were purchased, or, under which they expected and were entitled to coverage were not in compliance with 22 G.C.A. § 18308 and 22 G.C.A. § 18501 and the Insurance Law of Guam. In order to perpetuate this concealment, TICOR filed yearly affidavits of compliance affirming its compliance with the Insurance Law of Guam and Cyfred is informed and believes TICOR made periodic assertions of compliance as needed to any customer inquiring. In addition TICOR through Calvo's Enterprises Inc. (hereinafter "Calvo's Enterprises") owner of TGOG and Calvo's Insurance Underwriters, Inc. (hereinafter "Calvo's") also owned by Calvo's Enterprises benefited from Calvo's and Calvo's Enterprises efforts to cover up and conceal violations of the insurance law by insurers doing business with Calvo's or Calvo's Enterprises including TICOR and TICOR benefited from efforts by Calvo's and Calvo's Enterprises to undermine the independence of the office of the Commissioner all in an effort to cover up and conceal TICOR's violations of law and

CYFRED, LTD et al. Plaintiffs v. TICOR TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT. Document 1   Filed 03/18/09   Page 16 of 21
District Court Civil Case No. 0004

Page 16

to prevent Plaintiff and the Class from discovering the true nature and extent of TICOR's violations of law.

64. TICOR represented to Plaintiff and the Class or led them to believe that the insurance policies they purchased and which were issued by TICOR through its general agent in Guam or under which they were entitled to coverage were in compliance with the laws of Guam.

65. TICOR when selling the respective policies of insurance to each Class member was under a duty to each member of the Class to inform each of them purchasing an insurance policy from TICOR or expecting or entitled to insurance coverage under these policies that the insurance policies they purchased and the premiums they were charged or under which they expected or were entitled to insurance coverage, were illegal, and in violation of 22 G.C.A. § 18308 or 22 G.C.A. § 18501 or the Insurance Law of Guam.

66. TICOR was under a duty to each member of the Class to whom it issued an insurance policy to inform that customer that the insurance policy purchased and the premiums they were charged or under which policy they expected or were entitled to coverage were illegal and the insurance polices were in violation of the Insurance Law of Guam.

67. The facts concealed from and/or not disclosed and/or intentionally misstated as true to Plaintiff and the Class are material facts in that reasonable people would have considered them important in deciding whether or not to purchase the insurance policies issued to them by TICOR and was material in the decision by those Class members who abandoned their efforts to obtain coverage from TICOR.

CYFRED, LTD et al. Plaintiffs v. TICOR TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court Civil Case No._____.    Document 1    Filed 03/18/09    Page 17 of 21

Page 17

68. Plaintiff and the Class justifiably relied to their detriment on the concealed and/or non-disclosed and/or intentionally misstated facts as evidenced by their purchase of unapproved insurance policies and by their payment of illegally billed and collected rates and premiums and their abandonment or consenting to unfavorable settlements of coverage disputes with TICOR. Had Plaintiff and the Class known that the insurance policies issued to them by TICOR, or under which they were entitled to and expected and sought coverage, were not in compliance with the laws of Guam they would not have purchased said insurance policies or would not have settled their claims or would have pressed their claims for coverage under the terms of said policies.

69. As a direct and proximate result of defendants' misconduct Plaintiff and the Class members have suffered actual and consequential damages for which they are entitled to recover.

70. The conduct described herein the great lengths that defendants have undertaken to conceal their violations of law the significant sums involved and the length of time over which these illegal actions were perpetrated against Plaintiff and the Class is oppressive, fraudulent and malicious and entitles the Plaintiff and the Class to an award of punitive damages.

71. Plaintiff and the Class further pray for judgment as herein below stated.

## CONSTRUCTIVE FRAUD

72. Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

73. TICOR by selling insurance to each Class member or to persons who expected and were entitled to coverage under said policy was under a fiduciary duty to each member

CYFRED, LTD et al. Plaintiffs v. TICOR TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
District Court Civil Case No.          Case 1:09-cv-00004   Document 1   Filed 03/18/09   Page 18 of 21        Page 18

of the Class to whom it issued an insurance policy or under which they expected and were entitled to coverage to inform each of them, on the date and time each purchased a title insurance policy from TICOR through its general agent TGOG, that the insurance policies they purchased and the premiums they were charged or under which insurance polices they expected and were entitled to coverage, were illegal and in violation of the Insurance Law of Guam.

74. TICOR breached its fiduciary duty to the Class by failing to inform them that the insurance policies they purchased on the date and time on which the title insurance policies were issued, were not in compliance with Guam law or misrepresenting to them that the insurance polices they purchased or under which they expected and were entitled to coverage, on the date and time they purchased said policies, were in compliance with the laws of Guam and the United States and gained an advantage for itself, its affiliates and business partners and associates and in doing so, and as a result caused actual and consequential damages to Plaintiff and the Class from said breach.

75. TICOR's misrepresentations and fraudulent omissions were material and Plaintiff and the Class reasonable relied on said misrepresentations to their prejudice and injury.

76. Plaintiff and the Class pray for judgment as herein below stated.

**SECOND CAUSE OF ACTION**
**FRAUDULENT DECEIT**
**[18 G.C.A. §§ 90102 & 90103]**
**Asserted by Denied Claims Subclass**

77. Plaintiff and the Denied Claims Subclass re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

CYFRED, LTD et al. Plaintiffs v. TICOR TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court Civil Case No._____ Document 1   Filed 03/18/09   Page 19 of 21

Page 19

78. TICOR fraudulently deceived the Denied Claims Subclass into purchasing the insurance policies sold to them. By issuing policies to the Denied Claims Subclass TICOR represented, on the date and time each policy was issued, that each insurance policies issued to the Denied Claims Subclass or under which they were making claims were fair and had been reviewed for fairness and was fully compliant with the Insurance Law of Guam and therefore provided the Denied Claim Subclass with insurance coverage when TICOR intended to deny insurance coverage to the Denied Claims Subclass under the policies issued to them or under which they expected and were entitled to coverage, and that the policies issued to the Denied Claims Subclass or under which they expected and were entitled to coverage, were unfair and were not in compliance with the Insurance Law of Guam and the laws of the United States.

79. TICOR knew that the insurance policies it issued to the Denied Claims Subclass or under which they were denied coverage provided the Denied Claims Subclass with less insurance coverage for the premiums paid than is required by the laws of Guam and contained other illegal provisions such as an arbitration clause in violation of the laws of Guam and required Guam residents to seek redress for TICOR's illegal actions in California from the California Department of Insurance who has no jurisdiction over the complaints made by Guam consumers.

80. In furtherance of its deception and to fully benefit thereby, TICOR unjustly and illegally denied claims for compensation, for indemnity, for defense costs and for reimbursement of costs and expenses made by the Denied Claims Subclass.

81. In furtherance of its deception and to fully benefit thereby Plaintiff is informed and believes that TICOR initiated and prosecuted various actions against some members of

CYFRED, LTD et al. Plaintiffs v. TICOR TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court Civil Case No._____  Case 1:09-cv-00004  Document 1  Filed 03/18/09  Page 20 of 21

Page 20

the Denied Claims Subclass for declaratory relief seeking a declaration that the various members of the Denied Claims Subclass were not entitled to coverage under their respective policies when TICOR knew the insurance policies at issue were illegal, deceptive and fraudulent.

82. TICOR had a duty and obligation, on the date and time when TICOR issued each policy, to inform each member of the Denied Claims Subclass that the insurance policies issued to them or under which they expected and were entitled to coverage, would not provide them with fair insurance coverage for the premiums paid and were not in compliance with the Insurance Law of Guam and the laws of the United States.

83. TICOR deceived the Denied Claims Subclass about the true nature and condition of the insurance policies it issued to them, or under which they expected and were entitled to coverage, so that TICOR could collect illegal rates and premiums from said deceptions and TICOR caused Denied Claims Subclass to 'purchase from TICOR insurance policies that provided less coverage for the premium paid than is required by the Insurance Law of Guam and to otherwise illegally deny them insurance coverage under said policies.

84. The Denied Claims Subclass purchased their insurance policies from TICOR to provide them or others with insurance coverage for the claims they made against those insurance policies that were denied by TICOR or under which policies they should have been provided with coverage. TICOR induced the Denied Claims Subclass into believing the coverage they expected and were entitled to would be available under the insurance policies they purchased or under which they were entitled to make a claim and that the policies they purchased were approved by the Banking and Insurance

CYFRED, LTD et al. Plaintiffs v. TICOR TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court Civil Case No._____.
Case 1:09-cv-00004   Document 1   Filed 03/18/09   Page 21 of 21
Page 21