IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| **CYFRED, LTD., for itself and on behalf of others similarly situated**, <br><br> Plaintiffs, <br><br> vs. <br><br> **TICOR TITLE INSURANCE COMPANY and DOES One (1) through Three Hundred (300), inclusive**, <br><br> Defendants. | Civil Case No. 09-00004 <br><br><br> **ORDER RE: MOTION TO DISMISS** |

Before the court is Defendant's "Motion to Dismiss" ("the Motion" or "Motion"). *See* Docket No. 5; *see also* Docket No. 6 (memorandum in support). The issues were briefed and argued. Having considered all of the arguments in light of the facts and applicable law, the court hereby **GRANTS** the Motion as to the antitrust claim, **DENIES** it in all other respects, and **STAYS** the case, all for the reasons set forth below.

I. **FACTUAL BACKGROUND**[1]

From January 2000 through January 2004, Plaintiff CYFRED, LTD. ("Cyfred" or "Plaintiff") bought several title insurance policies from Defendant TICOR TITLE INSURANCE COMPANY ("TICOR" or "Defendant"), in order to protect its security interests in various

---

[1] This background is drawn from the complaint. At this stage, the court takes Plaintiff's factual allegations as true. *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005).

properties. *See* Docket No. 1 ("Complaint") at ¶¶16-26. Cyfred bought these policies through Title Guaranty of Guam ("TGOG"), TICOR's agent on Guam. *Id*. at ¶27.

Cyfred alleges that TICOR did not obtain approval from the Guam Banking and Insurance Commissioner as to the insurance forms constituting the Cyfred policies, nor as to the premiums charged to Cyfred and collected by TICOR, nor as to the rate schedules, rate plans, and rate computation methods used in designing the Cyfred policies—all in contravention of Guam law requiring such approval. *See* Complaint at ¶¶10-30. Moreover, Cyfred alleges that TICOR knew that it was required by law to obtain approval on all those points, and that it actively concealed its failure to do so by filing false "Affidavits of Compliance" each year. *See id.* at ¶¶31-32.

After it bought the title insurance policies from TICOR, Cyfred became involved in the case of *Kini Sananap et al. v. Cyfred, Ltd. et al.*, Superior Court of Guam Case No. CV1448-02, which directly implicates the titles that Cyfred had insured via the policies it bought from TICOR. *See* Complaint at ¶¶35-39. On October 4, 2006, believing itself entitled to do so under the policies, Cyfred asked TICOR to defend and indemnify it in the *Sananap* action. *See id*. at ¶40. TICOR did not respond until May 2, 2007, when it agreed to undertake Cyfred's defense. *See id*. at ¶¶41-42. However, on July 19, 2007, TICOR withdrew its defense. *See id*. at ¶¶43-45.

## II.    PROCEDURAL BACKGROUND

Cyfred filed its complaint on March 18, 2009. *See* Complaint at 1. The case is a class action, brought by Cyfred on behalf of itself and "all other similarly situated Guam consumers who purchased title insurance policies, or who expected and are entitled to coverage under title insurance policies, purchased from [TICOR], by and through [TGOG]." *See id*. at 1:20-25.

The complaint asserts the following fourteen causes of action:

        1.    Fraud, by the class;

        2.    Fraudulent Deceit, by the denied claims sub-class;

        3.    Conspiracy to Defraud, by the class;

        4.    Involuntary Trust from Fraud, by the class;

| | | |
|---|---|---|
| 1 | 5. | Unjust Enrichment, by the class; |
| 2 | 6. | Negligent Failure to Comply with the Insurance Law, by the class; |
| 3 | 7. | Negligent Misrepresentation, by the class; |
| 4 | 8. | Deceptive Trade Practices, by the deceptive acts sub-class; |
| 5 | 9. | Conspiracy to Commit Violations of the Deceptive Trade Practices- |
| 6 | | Consumer Protection Act, by the deceptive acts sub-class; |
| 7 | 10. | Antitrust, by the class; |
| 8 | 11. | Racketeering Influenced and Corrupt Organization, by the class; |
| 9 | 12. | Breach of Contract, by Plaintiff; |
| 10 | 13. | Breach of Implied Covenant of Good Faith and Fair Dealing, by Plaintiff; |
| 11 | | and |
| 12 | 14. | Breach of Implied Covenant of Good Faith and Fair Dealing, by the class. |

*See* Complaint at ¶¶61-183.

TICOR filed the Motion on April 27, 2009. *See* Docket No. 5. Plaintiff opposed the Motion on May 11, 2009. *See* Docket No. 16. TICOR replied on May 18, 2009. *See* Docket No. 18. Finally, the court heard oral argument on the Motion on October 5, 2009. *See* Docket No. 34.

## III. JURISDICTION AND VENUE

The court has jurisdiction over all of Plaintiff's causes of action. The Eleventh Cause of Action is within the court's federal question jurisdiction. *See* 28 U.S.C. § 1331. All others are within the court's diversity jurisdiction. See id. § 1332; *see also* Complaint at ¶¶1-2.

Venue is proper in this judicial district, the District of Guam, because Defendant conducts business here and because all of the events or omissions giving rise to Plaintiff's claims occurred here. *See* 28 U.S.C. § 1391; *see also* Complaint at ¶8.

\\
\\
\\

Page 3 of 12

Case 1:09-cv-00004   Document 35   Filed 12/02/09   Page 3 of 12

## IV. APPLICABLE STANDARDS

A motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. Such a motion "is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Develop. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (internal quotes omitted).

Under 12(b)(6) analysis, the complaint must be construed on the assumption that all of its allegations are true, even if doubtful in fact. *Bell Atlantic Corp. v. Twombly*, 550 US 544, 556 (2007). Similarly, the court must accept all reasonable inferences to be drawn from the facts. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). However, the court need not accept as true conclusory allegations, legal characterizations, unreasonable inferences or unwarranted deductions of fact. *See Beliveau v. Caras*, 873 F. Supp. 1391, 1395-96 (C.D. Cal. 1995); *Transphase Systems, Inc. v. Southern Calif. Edison Co.*, 839 F. Supp. 711, 718 (C.D. Cal. 1993).

Rule 8(a) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)). The complaint need not contain detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." *Id*. Even under the liberal pleading standard of Rule 8(a)(2), then, a plaintiff must go beyond a mere recitation of the elements of the claim and "provide the grounds of [its] entitlement to relief." *Id*.

In short, the complaint must allege "enough facts to state a claim that is plausible on its face." *Id*. at 570. If "plaintiffs [do] not nudg[e] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id*. Courts have enforced this standard with particular vigor in the antitrust context.[2]

---

[2] Probably so because *Twombly* was an antitrust case. There was some confusion about whether the standards announced in *Twombly* applied to all cases, or only to antitrust cases, or to some intermediate set. *See*, *e.g.*, *Ross v. Bank of America, NA (USA)*, 524 F.3d 217, 225 (2d Cir. 2008); *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). *See also* Keith Bradley, *Pleading Standards Should Not Change After* Bell Atlantic v. Twombly, 102 Nw. U. L. Rev. Colloquy 117 (2007). However, it is now clear that *Twombly* applies to all cases. *See Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949-53 (May 18, 2009).

Finally, "[f]ederal pleading standards govern in federal court, even as to state claims." *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1025 (N.D. Cal. 2007) (*citing AlliedSignal, Inc. v. City of Phoenix*, 182 F.3d 692, 696 (9th Cir. 1999)).

## V.  ANALYSIS

Defendant's motion to dismiss makes two basic arguments: (1) the entire complaint should be dismissed because Plaintiff has not exhausted its administrative remedies; (2) the antitrust claim (*i.e.*, the tenth cause of action) in Plaintiff's complaint should be dismissed because the manner in which it is pled does not satisfy minimal pleading standards. The court takes each argument in turn.

### A.  The Court Will Not Dismiss the Entire Complaint, But Will Instead Stay the Action Pending Exhaustion of Administrative Remedies

Defendant first argues that the entire complaint should be dismissed because "[a] motion to dismiss for lack of jurisdiction must be granted when a plaintiff has failed to exhaust all required administrative remedies," and Plaintiff in this case has not exhausted all such remedies. Docket No. 6 at 5 (citing, *inter alia*, *Granholm ex rel. Michigan Dept. of Nat'l Res. v. FERC*, 180 F.3d 278 (D.C. Cir. 1999)). Defendant acknowledges that the court has "the discretion to stay rather than dismiss when a plaintiff has not exhausted administrative remedies," and that the court did just that in two cases very closely related to this one. *Id.*; *see Cyfred, Ltd. v. Stewart Title Guaranty Company et al.*, D. Guam Civ. No. 07-00023, Docket No. 140; *Cyfred, Ltd. v. First American Title Insurance Company et al.*, D. Guam Civ. No. 07-00024, Docket No. 132. However, Defendant argues that dismissal is the appropriate remedy in this instance because "Cyfred chose to ignore the fact that the [Magistrate's] Reports made it clear that administrative review was required prior to judicial action, [but] simply filed another largely identical lawsuit without initiating administrative action." Docket No. 6 at 6.

While the court may grant a motion to dismiss for failure to exhaust administrative remedies—*see*, *e.g.*, *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003)—and while Defendant is right to describe Plaintiff's filing of this complaint without first seeking

administrative review as a kind of "intransigence," Docket No. 6 at 6, the court will exercise the discretion that Defendant has recognized and stay the action pending Plaintiff's exhaustion of administrative remedies. This is so for two reasons. First, as Defendant indicates, the court followed that course of action in the other two *Cyfred* cases. Except for the antitrust claim alleged in this case, the operative complaints in Civil Case Nos. 07-00023 and 07-00024 are essentially the same as that in this case. *Compare* Docket No. 1 *with Cyfred, Ltd. v. Stewart Title Guaranty Company et al.*, D. Guam Civ. No. 07-00024, Docket No. 1, *and Cyfred, Ltd. v. First American Title Insurance Company et al.*, D. Guam Civ. No. 07-00024, Docket No. 11. Likewise, each case faced a motion to dismiss presenting essentially the same arguments at issue here. *See Cyfred, Ltd. v. Stewart Title Guaranty Company et al.*, Case 1:07-cv-00023, Docket Nos. 4 & 5; *Cyfred, Ltd. v. First American Title Insurance Company et al.*, Case 1:07-cv-00024, Docket Nos. 21, 22, 24, & 25. Finally, there is substantial overlap in counsel across all three cases. Given those similarities, there is reason to treat this motion to dismiss just as the court treated the motions to dismiss in the other two cases. This is particularly so since part of the idea behind staying the other actions (as opposed to dismissing them) was to foreclose the statute-of-limitations concerns hinted at in the Magistrate's Report. *See*, *e.g.*, *Cyfred, Ltd. v. Stewart Title Guaranty Company et al.*, D. Guam Civ. No. 07-00023, Docket No. 134 at 9:19-23.

The second reason the court will stay the action pending Plaintiff's exhaustion of administrative remedies instead of dismissing the complaint outright is that the only appropriate mode of dismissal at this point would be dismissal *without prejudice*. *See Wyatt*, 315 F.3d at 1119-20. After such dismissal, Plaintiff would be free to re-file its action upon exhaustion of administrative review. Such a remedy would thus only burden Plaintiff without affording Defendant any permanent relief, and so is inefficient and unfair.

Plaintiff argues that it should not be required to exhaust administrative remedies for three reasons. First, it argues that Defendant has not asserted that it has complied with Guam's insurance laws, which amounts to a concession that "it issued unapproved forms and charged unapproved rates between 1993 and the present time . . . ." Docket No 16 at 3:17-19. This

argument is frivolous. Defendant has not yet answered the complaint in this case, so naturally it has not contested the assertions therein.

Second, Plaintiff argues that it should not be required to exhaust administrative remedies because its deceptive trade practices claim does not require administrative review. *See* Docket No. 16 at 3:20-4:8. This argument is closely related to Plaintiff's third argument, which is that it should not be required to exhaust administrative remedies because its claims for breach of contract and bad faith "are not susceptible to an administrative remedy." *Id*. at 4:17. Both arguments fail. Both contemplate that the exhaustion requirement may be defeated by the presence of claims for which administrative review is not necessary or appropriate. However, "even where the administrative remedy may not provide the specific relief sought by a party or resolve all the issues, exhaustion is preferred [under Guam law] because agencies have the specialized personnel, experience and expertise to unearth relevant evidence and provide a record which a court may review." *Carlson v. Perez*, 2007 Guam 6, ¶69 (*following Westlake Comm. Hosp. v. Superior Court*, 551 P.2d 410, 416 (Cal. 1976)); *see also Booth v. Churner*, 532 U.S. 731, 734-35 (2001); *O'Guinn v. Lovelock Correctional Ctr*., 502 F.3d 1056, 1061 (9th Cir. 2007); *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (stating, albeit in context of statutory rather than prudential exhaustion, that "obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available'") (emphasis in original). Indeed, the court rejected Plaintiff's second and third arguments for this very reason in Plaintiff's related cases. *See, e.g.*, *Cyfred, Ltd. v. Stewart Title Guaranty Company et al.*, D. Guam Civ. No. 07-00023, Docket No. 134 at 8:4-9:13. Therefore, as Plaintiff now surely knows, the question is not whether the relevant administrative process may address *each* claim a plaintiff can articulate, but rather whether it may yield *some* relief on the alleged facts. If so, then it is proper to require the plaintiff to pursue that process before taking its claims to court.

In sum, the court will exercise the discretion that Defendant has recognized and stay the action pending Plaintiff's exhaustion of administrative remedies.

**B.    The Court Will Dismiss the Antitrust Claim**

Plaintiff's antitrust claim consists in the following two allegations:

> At all times herein relevant TICOR through TGOG and Calvo's and Calvo's Enterprises and their respective direct or indirect participation and or [*sic*] membership in the IAG or through other entities entered into a [*sic*] contracts, combinations or conspiracies in restraint of or to monopolize trade or commerce in the insurance market for title insurance sold by TICOR in Guam.
>
> TICOR through it [*sic*] membership in ratings bureau's [*sic*] and participation in other entities, groups or associations entered into contracts, agreements, combinations or conspiracies that controlled or attempted to control the price and title insurance policy terms in restraint of trade of title insurance policies sold in Guam by TICOR through TGOG.

Docket No. 1 ¶¶135-36. Plaintiff alleges that these actions amount to willful violations of Sections 69.15 and 69.20 of Title 9, Guam Code Annotated, thereby entitling it to a variety of damages.[3] *See id*. ¶¶ 137-38; Docket No. 16 at 5:7-9.

Defendant argues, generally, that the antitrust claim (*i.e.*, the tenth cause of action) in Plaintiff's complaint should be dismissed because the manner in which it is pled does not satisfy minimal pleading standards. *See generally* Docket No. 6 at 6-13.

### 1.    The Claim Fails Insofar As It Alleges A Violation of Section 69.15

Defendant argues that the antitrust claim under Section 69.15 should be dismissed because it offers only "a series of legal conclusions, parroting back the provisions found in Guam's antitrust statute, which are strung together without any of the requisite factual allegations providing the who, what, how, where, and when of any purported agreement to fix title insurance rates and/or the terms of title insurance policies in Guam." Docket No. 6 at 10 (citation omitted).

Section 69.15 renders unlawful, *inter alia*, "[a] contract, combination, or conspiracy between two (2) or more persons in restraint of, or to monopolize, trade or commerce in a

---

[3] Defendant argues that the court should not consider Plaintiff's claim under Section 69.20 because the complaint does not refer to that statute. *See* Docket No. 18 at 9. "However, a complaint should not be dismissed if it states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory." *Haddock v. Board of Dental Examiners of California*, 777 F.2d 462, 464 (9th Cir. 1985). As such, the court will consider whether the complaint states a claim under Section 69.20, even though Plaintiff does not cite that statute therein.

relevant market." 9 G.C.A. § 69.15. The statute is modeled on Section 1 of the Sherman Act. *Compare id. with* 15 U.S.C. § 1; *see also* Docket No. 16 at 5:7-8 (Defendant's acknowledgment that Section 69.15 is modeled on Section 1 of the Sherman Antitrust Act).[4]

A claim alleging a conspiracy or other agreement in restraint of trade should be dismissed when it merely alleges an agreement to fix prices or restrain trade, without identification or discussion of the co-conspirators, the nature of the conspiracy, or the type of agreement. *See Rick-Mik Enterps., Inc. v. Equilon Enterps., LLC*, 532 F.3d 963, 976 (9th Cir. 2008).[5] In *Rick-Mik*, the district court dismissed a Sherman Act Section 1 claim alleging that

> Equilon "conspired with numerous banks, banking associations and financial institutions throughout the United States to fix, peg and stabilize the price of credit and debit card processing fees, commonly referred to as the 'Merchant Discount Fee,' charged to Plaintiffs and the members of the Class Plaintiffs represent." It continues: "EQUILON receives compensation in the form of a 'kick back' from numerous banks, banking associations and financial institutions throughout the United States from the Merchant Discount Fee as consideration for its unlawful agreement to fix prices of credit and debit card processing fees and tying arrangement, which is not reimbursed to EQUILON's franchisees."

*Id*. at 966, 975-76. The Ninth Circuit affirmed. *Id.* at 966-67. The Ninth Circuit began by noting that, after *Twombly*, "'[a] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' A Sherman Act Section 1 claim 'requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made.'" *Id*. at 970 (brackets and internal citations omitted). The court then "readily conclude[d]" that the complaint did not adequately allege a Section 1 claim because "[a]ll that is alleged is there was an agreement on

---

[4] Section 1 of the Sherman Act provides in pertinent part: "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal." 15 U.S.C. § 1.

[5] There do not appear to be any cases construing Sections 69.15 and 69.20 of Title 9, Guam Code Annotated. However, analysis of state antitrust statutes tracks the analysis of federal antitrust statutes where the former are modeled on the latter. *See*, *e.g.*, *County of Tuolumne v. Sonora Community Hosp.*, 236 F.3d 1148, 1160 (9th Cir. 2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 811 n.4 (9th Cir. 1988). Since the Guam antitrust statutes at issue are, as stated above, modeled on the Sherman Act, the court looks to cases construing the Sherman Act for guidance in how to apply the Guam statutes.

price. The co-conspirator banks or financial institutions are not mentioned. The nature of the conspiracy or agreement is not alleged. The type of agreements are not alleged." *Id*. at 975-76.

Plaintiff's antitrust claim is dismissed insofar as it alleges a violation of Section 69.15. It does not specify whom Defendant entered into an agreement with, and it discusses neither the nature or type of the purported agreement. As such, it is just as factually deficient as the complaint in *Rick-Mik*, which the Ninth Circuit "readily conclude[d]" did not adequately allege a Section 1 claim. *Rick-Mik*, 532 F.3d at 975. Like that complaint, and like the complaint in *Twombly*, Cyfred's complaint offers only "labels and conclusions, and a formulaic recitation of the elements of a cause of action," which "will not do." *Id*. at 970 (*quoting Twombly*, 550 U.S. at 555). Factually deficient in this way, it fails to state a restraint-of-trade claim.

Plaintiff makes no good argument in support of its Section 69.15 claim. In its opposition to Defendant's motion, Plaintiff offers new facts in an apparent attempt to cure the factual deficiency of its antitrust claim. *See* Docket No. 16 at 7:6-8:10. However, "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) (emphasis in original). Thus, the court will not consider any of these new allegations.

In sum, Plaintiff's antitrust claim (*i.e.*, the tenth cause of action) must be dismissed insofar as it alleges a violation of Section 69.15 of Title 9, Guam Code Annotated.

### **2.** **The Claim Fails Insofar As It Alleges A Violation of Section 69.20**

Defendant argues that the monopolization claim under Section 69.20, if the court even considers it,[6] should be dismissed because "Cyfred has failed to allege . . . an indispensable element of a monopolization claim, namely 'the willful acquisition or maintenance of that [monopoly] power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident.'" Docket No. 18 at 9 (*quoting United States v.*

---

[6] *See* n. 3, *supra*.

Page 10 of 12

Case 1:09-cv-00004  Document 35  Filed 12/02/09  Page 10 of 12

1  *Grinnell Corp.*, 384 U.S. 563, 570-71 (1966)).

2  Section 69.20 renders unlawful "[t]he establishment, maintenance or use of a monopoly, or an attempt or conspiracy to establish a monopoly, of trade or commerce in a relevant market by any person, for the purpose of excluding competition or controlling, fixing, or maintaining prices." 9 G.C.A. § 69.20. It is modeled on Section 2 of the Sherman Act. *Compare id. with* 15 U.S.C. § 2; *see also* Docket No. 16 at 5:8-9 (Defendant's acknowledgment that Section 69.20 is modeled on Section 2 of the Sherman Antitrust Act).[7]

Plaintiff's antitrust claim is dismissed insofar as it alleges a violation of Section 69.20. As Defendant has indicated, "an indispensable element of a monopolization claim [is] 'the willful acquisition or maintenance of [monopoly] power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident.'" Docket No. 18 at 9. Cyfred's complaint does not even offer a conclusory allegation of such "willful acquisition or maintenance," let alone *facts* making such action plausible. *Cf. Twombly*, 550 U.S. at 570. Thus lacking an essential element, it fails to state a monopolization claim.

Plaintiff makes no good argument in support of its Section 69.20 claim. As stated above, in its opposition to Defendant's motion, Plaintiff offers new facts in an apparent attempt to cure the factual deficiency of its antitrust claim. *See* pp. 17-18, *supra*. Again, though, those facts are not to be considered. *See Schneider*, 151 F.3d at 1197 n. 1.

In sum, Plaintiff's antitrust claim (*i.e.*, the tenth cause of action) must be dismissed insofar as it alleges a violation of Section 69.20 of Title 9, Guam Code Annotated. As such, Plaintiff's antitrust claim should be dismissed altogether.[8]

---

[7] Section 2 of the Sherman Act provides in pertinent part: "Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony . . . ." 15 U.S.C. § 2.

[8] Plaintiff requests leave to amend in the event that the court dismisses the antitrust claim. *See* Docket No. 16 at 8:15-16. Defendant has not yet filed a responsive pleading, so Plaintiff has an absolute right to amend its complaint once. *See* Fed. R. Civ. P. 15(a). That right ends only upon the filing of a responsive pleading or the entry of a final judgment. *See Rick-Mik*, 532 F.3d at 977. However, the court directs Plaintiff not to file its amended complaint until such time as the stay is lifted.

## VI. CONCLUSION

For the foregoing reasons, Defendant's motion is **GRANTED** as to the antitrust claim, but **DENIED** in all other respects. The action is then **STAYED**, with Plaintiff ordered to exhaust its administrative remedies.

**SO ORDERED**.

/s/ Frances M. Tydingco-Gatewood
  Chief Judge
**Dated: Dec 02, 2009**